IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES LOCAL NO. 47 HEALTH AND WELFARE PLAN<br>8901 OTIS AVENUE, SUITE 200<br>INDIANAPOLIS, IN 46216,<br><br>    Plaintiffs,<br><br>-vs-<br><br>FINCH INDUSTRIAL COATINGS, LLC<br>450 E. 96TH STREET, STE 500<br>CARMEL, IN 46032,<br><br>    Defendant. | CASE NO. 1:18-cv-3070 |

## COMPLAINT

1. Plaintiffs Trustees of the International Painters and Allied Trades Local No. 47 Health and Welfare Plan are trustees of a multiemployer benefit plan and employee welfare plan. Defendant Finch Industrial Coatings, LLC is an employer that is obligated to make contributions to the Plan based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Plan. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Plan for the purpose of collecting contributions and other amounts due to the Plan and compelling an audit of Defendant's records.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred

upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the cause of action described herein is occurring within the jurisdiction of the U.S. District Court for the Southern District of Indiana at Indianapolis.

## PARTIES

4. Plaintiffs Trustees of the International Painters and Allied Trades Local No. 47 Health and Welfare Plan are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Plan is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Plan's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Plan is administered at 8901 Otis Avenue, Suite 200, Indianapolis, IN 46216.

5. Defendant Finch Industrial Coatings, LLC is an Indiana limited liability company with its principal place of business located at 450 East 96th Street, Suite 500, Indianapolis, Indiana 46240. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. 1002(11) and (12).

## COUNT I
**ERISA § 515, 29 U.S.C. § 1145—Failure to Remit Contributions/Reports**

6. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

2

7. At all relevant times, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA.") A true and accurate copy of the relevant excerpts of the CBA is attached as **Exhibit A**.

8. The terms of the CBA require Defendant to make contributions to the Plan, along with contributions to other employee benefit funds. The CBA also binds Defendant to the terms of the Plan's Trust Agreement. A true and accurate copy of relevant excerpts of the Plan's Trust Agreement is attached as **Exhibit B**.

9. The Plan's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written Collection Procedures. A true and accurate copy of the Plan's Collection Procedures is attached as **Exhibit C**.

10. Pursuant to the terms of the CBA, Trust Agreement, and Collection Procedures, Defendant is required to make monthly contributions to the Plan on behalf of each of its employees in an amount and under the terms set forth in the agreements.

11. The Plan's Collection Procedures require Defendant to submit all monthly reports and contributions on or before the first day of the second month after the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and are subject to late fees and interest.

12. Pursuant to the terms of the CBA, the Plan's Trust Agreement, and the Plan's Collection Procedures, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits.

13. Defendant has failed to timely report hours and/or timely remit contribution payments for work performed by covered employees for the period of November 2016 through the present as required by the CBA, Trust Agreement, and the Collection Procedures.

14. Despite repeated demands to do so, Defendant has also failed to submit to a payroll audit.

15. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, accrued and accruing interest and attorney's fees pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT II
### LMRA § 301, 29 U.S.C. § 185—Breach of Contract & Failure to Remit Contributions/Reports

16. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

17. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. Through its agreement to the CBA, Defendant also agreed to be bound by the terms of the Plan's Trust Agreement.

18. The Plan's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written Collection Procedures.

19. Pursuant to the terms of the CBA, Trust Agreement, and Collection Procedures, Defendant is required to make monthly contributions to the Plan on behalf of each of its employees in an amount and under the terms set forth in the agreements.

20. The Plan's Collection Procedures require Defendant to submit all monthly reports and contributions on or before the first day of the second month after the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and are subject to late fees and interest.

21. Pursuant to the terms of the CBA, the Plan's Trust Agreement, and the Plan's Collection Procedures, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits.

22. Defendant has failed to timely report hours and/or timely remit contribution payments for work performed by covered employees for the period of November 2016 through the present as required by the CBA, Trust Agreement, and the Collection Procedures.

23. Despite repeated demands to do so, Defendant has also failed to submit to a payroll audit.

24. Defendant's conduct is in breach of the CBA, Trust Agreements and Collection Policy, and therefore Plaintiffs are entitled to relief pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### ERISA § 515, 29 U.S.C. § 1145—Failure to Pay Liquidated Damages

25. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

26. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. Through its agreement to the CBA, Defendant also agreed to be bound by the terms of the Plan's Trust Agreement.

27. The Plan's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written Collection Procedures.

28. Pursuant to the terms of the CBA, Trust Agreement, and Collection Procedures, Defendant is required to make monthly contributions to the Plan on behalf of each of its employees in an amount and under the terms set forth in the agreements.

29. The Plan's Collection Procedures require Defendant to submit all monthly reports and contributions on or before the first day of the second month after the month in which work was performed. If monthly work reports not made by the due date, a Late Filing Fee of $500 is imposed. If contributions are not made by the due date, they are subject to interest at a rate of 18% per year. If contributions are not paid by the first day of the month following the month in which they are due, a Late Payment Fee of $1,000 is imposed.

30. Defendant has failed to remit timely contribution payments for the period of November 2016 through the present, thereby rendering the contributions delinquent. As such, Plaintiffs are entitled to late fees and interest from their respective due dates for the months of November 2016 until present day.

31. Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145 and Plaintiffs, therefore, are entitled to liquidated damages and/or late fees pursuant to ERISA § 502(g)(2)(C)(ii), 29 U.S.C. § 1132(g)(2)(C)(ii).

### COUNT IV
### LMRA § 301, 29 U.S.C. § 185—Breach of Contract & Failure to Pay Liquidated Damages

32. Plaintiffs reallege each averment set forth as if fully rewritten herein.

33. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. Through its agreement to the CBA, Defendant also agreed to be bound by the terms of the Plan's Trust Agreement.

34. The Plan's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written Collection Procedures.

35. Pursuant to the terms of the CBA, Trust Agreement, and Collection Procedures, Defendant is required to make monthly contributions to the Plan on behalf of each of its employees in an amount and under the terms set forth in the agreements.

36. The Plan's Collection Procedures require Defendant to submit all monthly reports and contributions on or before the first day of the second month after the month in which work was performed. If monthly work reports not made by the due date, a Late Filing Fee of $500 is imposed. If contributions are not made by the due date, they are subject to interest at a rate of 18% per year. If contributions are not paid by the first day of the month following the month in which they are due, a Late Payment Fee of $1,000 is imposed.

37. Defendant has failed to remit timely contribution payments for the period of November 2016 through the present, thereby rendering the contributions delinquent. As such, Plaintiffs are entitled to late fees and interest from their respective due dates for the months of November 2016 until present day.

38. Defendant's actions are in breach of the CBA, Trust Agreement, and the Collection Procedures, and Plaintiffs, therefore, are entitled to liquidated damages and/or late fees pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT V
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit

39. Plaintiffs reallege each averment set forth as if fully rewritten herein.

40. At all relevant times, Defendant was a party to and agreed to abide by the terms of a CBA. Through its agreement to the CBA, Defendant also agreed to be bound by the terms of the Plan's Trust Agreement.

41. The Plan's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written Collection Procedures.

42. Pursuant to the terms of the CBA, the Plan's Trust Agreement, and the Plan's Collection Procedures, Defendant may be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits.

43. Despite repeated demands to do so, Defendant has failed to submit to a payroll audit and is therefore in breach of the CBA, Trust Agreement, and Collection Procedures.

44. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, late fees, and interest.

45. Because Defendant's refusal to submit to a payroll audit is in violation of the CBA, Trust Agreement, and the Collection Procedure, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE,** Plaintiffs demand the following relief:

A. Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of November 2016 through the present, in an amount to be determined;

B. Judgment in favor of Plaintiffs and against Defendant for accumulated interest and late fees on the delinquent contributions from their respective due dates for the months of

November 2016 through the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

C. An Order compelling Defendant to submit all delinquent reports of hours worked for the period of November 2016 through the present, and Judgment in favor of Plaintiffs and against Defendant for the amounts shown due and owing in such reports;

D. An Order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, late fees, and interest in an amount to be determined;

E. That this Court retain jurisdiction over this cause pending compliance with all Orders;

F. An award of reasonable attorney fees incurred in connection with this action as provided for by the Trust Agreement, Collection Procedures, and ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and

G. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g)(2)(E), 29 U.S.C. § 1132 (g)(2)(E), pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*